UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NUMBER 13-CV-956 (DSD/JJK)

_____

Sarah McIvor,

        Plaintiff,

v.

**AMENDED COMPLAINT**

Credit Control Services, Inc. dba Credit Collection Services and TransUnion, LLC,

        Defendant.

_____

1. Sarah McIvor ("Consumer") brings this action to address the violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by Credit Control Services, Inc. dba Credit Collection Services ("Debt Collector"), and in the alternative the violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, by TransUnion, LLC ("Reporting Agency").

## JURISDICTION, VENUE, AND PARTIES

2. This United States District Court has jurisdiction over all FDCPA claims and federal questions. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331.

3. Venue is proper because a substantial part of the events giving rise to this

claim occurred in Minnesota. 28 U.S.C. § 1391(b)(2).

4. Consumer is a natural person who is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Debt Collector is a Connecticut corporation with a registered address of 2 Wells Ave, Newton, MA 02459. Debt Collector's principal business and purpose is the collection of debts, making it a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Reporting Agency is a Delaware limited liability corporation with a registered address of 380 Jackson Street, #700, St. Paul, MN 55101. Reporting Agency's principal business is assembling consumer credit information for the purpose of furnishing them to third parties, making it a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FDCPA REQUIREMENTS

7. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

## FCRA REQUIREMENTS

8. "If a consumer reporting agency is notified pursuant to § 1681s-2 that information regarding a consumer [which] was furnished to the agency is disputed by the consumer, the agency shall indicate that fact in each consumer report that includes the disputed information." 15 U.S.C. § 1681c(f).

## FACTS

9. Consumer disputed a debt alleged against her by Debt Collector (the "Debt") to the credit reporting agency Reporting Agency on April 2, 2013, stating that the the "Creditor agreed to remove this account from my file. This account is settled." *See Investigation Summary attached as* **EXHIBIT A**.

10. Reporting Agency reported Consumer's dispute of the Debt to Debt Collector as part of its reinvestigation required by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

11. Debt Collector provided updated credit information regarding the Debt to Reporting Agency on April 20, 2013 without stating that Consumer had disputed it. *See Resolution Summary attached as* **EXHIBIT B** *and Credit Report attached as* **EXHIBIT C**

12. Reporting Agency in turn verified the Debt to Consumer on April 21, 2013. *See* **EXHIBIT B**.

13. In the alternative, if Debt Collector notified Reporting Agency of the dispute, Reporting Agency failed to include the dispute on Consumer's credit report.

14. Consumer's report with Reporting Party continues to lack any indication that Consumer disputed the Debt. *See* **EXHIBIT C**.

### COUNT I: VIOLATION OF 15 U.S.C. § 1692e(8)
**(against Debt Collector)**

15. Consumer incorporates all other allegations as if set forth herein in full.

16. Debt Collector violated 15 U.S.C. § 1692e(8) by communicating credit information regarding the Debt to Reporting Party without indicating that Consumer had disputed it, thereby conveying false credit information.

17. Debt Collector's violations have caused Consumer to suffer emotional distress, confusion, frustration, anxiety, fear, and helplessness.

18. Debt Collector's reporting violation makes it more difficult for Consumer to seek and receive financing.

19. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the Court. 15 U.S.C. § 1692k.

20. Consumer reserves his right to move for punitive damages.

## COUNT II: VIOLATION OF 15 U.S.C. § 1681c(f)
**(against Reporting Agency in the alternative)**

21. Consumer incorporates all other allegations as if set forth herein in full.

22. Reporting Agency violated 15 U.S.C. § 1681c(f) by failing to indicate Consumer's dispute on her credit report after having been notified of it by Debt Collector in compliance with 15 U.S.C. § 1681s-2.

23. Consumer is entitled to actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Reporting Agency in an amount to be determined by the Court.  15 U.S.C. §§ 1681n(a), 1681o(a).

24. Consumer reserves her right to move for punitive damages.

## JURY TRIAL

25. Consumer demands a jury per U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Consumer requests an Order for the following relief:

1. Judgment in favor of Consumer and against Debt Collector for actual damages in an amount to be determined at trial, $1,000.00 in statutory damages, the costs of this action, and reasonable attorney's fees.

2. In the alternative, judgment in favor of Consumer and against Reporting Agency for actual damages in an amount to be determined at trial, $1,000.00 in statutory damages, the costs of this action, and reasonable attorney's

fees.

3. All other relief which the Court deems just and equitable.

Dated: 5/22/13                    /s/ Bennett Hartz
                                  Jonathan L. R. Drewes (#387327)
                                  Bennett Hartz (#393136)
                                  DREWES LAW, PLLC
                                  1516 West Lake Street, Ste 300
                                  Minneapolis, MN 55408
                                  T (612) 285-3064
                                  F (612) 285-3062
                                  bennett@dreweslaw.com
                                  *Attorneys for Consumer*