```
              UNITED STATES DISTRICT COURT
              UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                Civil No. 13-956(DSD/JJK)
```

Sarah McIvor,

    Plaintiff,

v.                                             **ORDER**

Credit Control Services, Inc.
and TransUnion, LLC,

    Defendants.

> Jonathan L.R. Drewes, Esq. and Drewes Law, PLLC, 1516 West Lake Street, Suite 300, Minneapolis, MN 55408, counsel for plaintiff.
>
> Russell S. Ponessa, Esq., Ashley M. DeMinck, Esq. and Hinshaw & Culbertson, LLP, 333 South Seventh Street, Suite 2000, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion for summary judgment by plaintiff Sarah McIvor and the motion for judgment on the pleadings by defendant Credit Control Services, Inc., doing business as Credit Collection Services (CCS). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion by CCS.

**BACKGROUND**

This debt-reporting dispute arises out of an April 2013 communication between CCS and defendant TransUnion, LLC (TransUnion) regarding a debt allegedly owed by McIvor. McIvor

asserts that she disputed the debt with TransUnion, a credit reporting agency, on April 2, 2013. Am. Compl. ¶ 9. Thereafter, TransUnion notified CCS of the dispute. Id. ¶ 10. McIvor alleges that CCS provided updated information to TransUnion that did not reflect that the debt was disputed. Id. ¶ 11.

On May 22, 2013, McIvor filed an amended complaint, alleging violations of the Fair Debt Collection Practices Act (FDCPA) by CCS and the Fair Credit Reporting Act (FCRA) by TransUnion.[1] McIvor moves for summary judgment and CCS moves for judgment on the pleadings.

## DISCUSSION

**I.   Standard of Review**

The same standard of review applies to motions under Federal Rules of Civil Procedure 12(c) and 12(b)(6). Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court

---

[1] On June 21, 2013, TransUnion was dismissed from this action. See ECF No. 18.

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

**II.   FDCPA**

McIvor argues that CCS violated the FDCPA by failing to note in the updated credit information that the debt was disputed.  "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which ... protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection [attempts]."  Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317-18 (8th Cir. 2004) (citations and internal quotation marks omitted).  "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not violate the FDCPA."  Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1056 (8th Cir. 2002) (citations and internal quotation marks omitted).

McIvor argues that CCS violated § 1692e of the FDCPA, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, a debt collector may not "communicat[e] ... to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Id. § 1692e(8). To be actionable, the failure to report that the debt is disputed must be both "false, deceptive, or misleading" and made "in connection with the collection of any debt." See id. § 1692e; Carlson v. First Revenue Assurance, 359 F.3d 1015, 1018-19 (8th Cir. 2004).

CCS argues that its response was not in connection with the collection of a debt. McIvor responds that "[i]f a debt collector knows that a debt is disputed by the consumer ... and reports it to a credit bureau, he must report is as disputed." Wilhelm v. Credico, Inc., 519 F.3d 416, 418 (8th Cir. 2008)(citations and internal quotation marks omitted). CCS argues, however, that McIvor notified TransUnion rather than CCS that she disputed the debt, and that TransUnion and CCS thereafter communicated regarding the debt as part of the FCRA verification process. "[W]hile the FDCPA governs a debt collector's verification of a disputed debt to a consumer ..., a different statute — the FCRA — governs a debt collector's verification of a disputed debt to a [credit reporting

agency]." Edeh v. Midland Credit Mgmt., Inc., 748 F. Supp. 2d 1030, 1036 (D. Minn. 2010) (citations omitted), aff'd, 413 F. App'x 925 (8th Cir. 2011) (per curiam). As a result, "[i]t makes little sense to view [the FCRA] verification as a prohibited attempt at debt collection" in violation of the FDCPA. Id. "The debt collector is acting not on its own initiative, but in response to a notice sent by the [credit reporting agency], and the debt collector is responding to that notice not to collect a debt, but to avoid violating the [FCRA]." Id. Thus, the communication by CCS to TransUnion was not in connection with the collection of a debt under the FDCPA and judgment on the pleadings is warranted for this reason alone.

Moreover, the response by CCS cannot reasonably be interpreted as deceptive or misleading, as TransUnion already knew the debt was in dispute. See Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814, 819 (8th Cir. 2012) (noting that a representation must mislead, deceive or dupe someone for it to be misleading). Further, in order for a false statement to be actionable under the FDCPA, it must be material. Neill v. Bullseye Collection Agency, Inc., No. 08-5800, 2009 WL 1386155, at *2 (D. Minn. May 14, 2009). Representations are material if they "frustrate a consumer's ability to intelligently choose his or her response." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010) (citation omitted). McIvor has not pleaded that the failure to reflect the

5

dispute undermined her ability to intelligently choose her response regarding the debt.  In sum, the communication at issue in no way exemplifies the abusive behavior or false or misleading practices that Congress had in mind when it enacted the FDCPA.[2]  Therefore, for this additional reason, judgment on the pleadings is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Defendant's motion for judgment on the pleadings [ECF No. 38] is granted; and

2.   Plaintiff's motion for summary judgment [ECF No. 32] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 17, 2013

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court

---

[2] See 15 U.S.C. § 1692e(1)-(16) (setting forth a non-exhaustive list of proscribed conduct, including misrepresenting the character, amount or legal status of any debt; misrepresenting or implying that a collection communication comes from an attorney and misrepresenting or implying that the consumer committed a crime).